**SO ORDERED.**

**SIGNED this 29th day of June, 2011.**

_____
**LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court
**Western District of Texas
San Antonio Division**

| | |
|---|---|
| IN RE<br><br>MARILYN J. PEINADO & LUIS H. PEINADO<br><br>*DEBTORS* | BANKR. CASE NO.<br><br>11-52134-C<br><br>CHAPTER 7 |

### ORDER WAIVING REQUIREMENT TO FILE CERTIFICATE OF CREDIT COUNSELING DUE TO EXIGENT CIRCUMSTANCES

CAME ON for consideration the foregoing matter. The debtors are ages 64 and 73. Mrs. Peinado has been employed as a paralegal but was laid off by her employer. For five months, she and her husband survived on unemployment benefits and food stamps. She found a new position but was again laid off. In neither circumstance was she laid off due to any misconduct on her part. She has since been unable to find new work. She again applied for food stamps, but was permitted only a card for food purchases totalling $367.00. Her husband has also sought work, as a realtor (but the market is moribund) or as a teacher of Spanish as a second language (but the market gives him no work). Because of the type of work that he does, he is not eligible for unemployment. Mrs. Peinado is now seeking early retirement social security benefits, so that they can have something to live on.

When the Peinados filed this case, the failed to file the certificate of budget counseling required by section 109(h). *See* 11 U.S.C. § 109(h). The clerk of court, pursuant to standard practice, advised them that their case filing was not in compliance, and that the failure to file a certificate of budget and credit counseling briefing could result in the dismissal of their case. The debtors then filed this motion, asking for more time to obtain the needed certificate. The debtors explained that they had filed *pro se*, and did not realize that they had missed filing this document.

The circumstances of this case demonstrate why this extra prerequisite, imposed by the 2005 amendments to the Bankruptcy Code, is so far removed from reality that its imposition is an insult to the dignity of persons whose financial straits, brought on by circumstances beyond their control, force them to seek relief under the Bankruptcy Code. On these facts, budget and credit counseling is a monumental waste of time and money. Yet the Code now requires this extra step, premised on the false notion that most folks, once they realize that they just have to learn how to live within their means, will realize they don't really need to file for bankruptcy protection.[1] For the Peinados, this extra step is not only unnecessary as a practical matter – there is no amount of "re-budgeting" that these folks can do that will make it possible for them to repay their existing indebtedness – but is also an insult to their honesty and character.

The court grants the motion. The Peinados are excused from having to seek the credit counseling briefing otherwise required by section 109(h), and are further excused from having to

---

[1] Of course, the real reason for the imposition of many of the pre-conditions imposed by the 2005 amendments had little or nothing to do with so-called "abuse" and everything to do with enhancing the profitability of the securitization of consumer credit receivables. Changes in the bankruptcy laws making it harder to file bankruptcy permitted credit card issuers to enjoy higher profitability the result of an expansion of the time period during which borrowers were in financial distress. The time period was expanded because bankruptcy marks the point in time when the debt is officially in default and further payments and charges can no longer be realized from that receivable. The longer the borrower is in distress, the more profitable the receivable. Changes in the law that had the effect of delaying the day of default had the effect of expanding the period of distress, resulting in greater profits for the credit card industry. *See* Ronald Mann, *Bankruptcy Reform and the "Sweat Box" of Credit Card Debt*, 2007 ILL. L.REV. 375 [Law and Economics Research Paper No. 75, Dec. 2006] (2007).

file a certificate with respect to obtaining such a briefing. Certainly on the facts of this case, it is ridiculous to insist that they have gone through this futile exercise as a condition to obtaining the bankruptcy relief they so desperately need. The condition is, by this order, waived.

# # #